RECEIVED
AUG 21 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CAREY SALT COMPANY, AS OWNER AND OPERATOR OF THE BARGE *TRIPPER III*, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 04-1631<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court are the following: (1) Motion for Summary Judgment [Doc. 98], filed by Ace American Insurance Company ("Ace"); (2) Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment [Doc. 100], filed by excess insurer, National Union Fire Insurance of Pittsburgh, Pennsylvania ("National"); and (3) Motion for Partial Summary Judgment Related to Insurance Coverage [Doc. 103], filed by Continental Insurance Company (CNA). The motions are opposed. For the following reasons, the Motions for Summary Judgment filed by Ace [Doc. 98], National [Doc 100], and CNA [Doc. 103] are **DENIED**.

### BACKGROUND

On February 3, 2004, John Sappington was operating a 21-foot Ranger bass boat in an easterly direction on the Intracoastal Waterway (ICW) in St. Mary Parish, Louisiana.[1] While doing so, he struck a steel cable, which was approximately two-inches thick and which was strung across the ICW between one and three feet above the water line. This cable was being used by the TRIPPER III, a "cable ferry" owned by Carey Salt Company (Carey) and operated by Captain Brian Paul Romero (Romero), Carey's employee who was acting at all relevant times in the course and

---

[1] This Court has previously set forth the factual background in this matter, noting most of the pivotal facts are disputed. [Doc. 53].

scope of his employment with Carey. Specifically, the cable enables the ferry to move back and forth across the ICW, and it is normally submerged when a vessel approaches. In this particular case, allegedly, the cable was not lowered into the water again, allegedly because Romero did not see Mr. Sappington's approach. The parties to this action vigorously disagree as to the cause of this accident and to whom fault (and, therefore, liability, if any) should attach.

Mr. Sappington allegedly sustained severe injuries as a result of the accident. Mr. Sappington, his wife, Michelle, and his son, Jakob (collectively, "the Sappingtons"),[2] have asserted claims seeking to recover damages resulting from this accident. Within the delays permitted by law, Carey Salt Company, as owner and operator of the TRIPPER III, filed a petition for exoneration from and/or limitation of liability (the limitation proceeding) resulting from the accident. In response, to Carey's limitation petition, the Sappingtons asserted claims against: (1) Carey, the owner of the vessel and the employer of Romero; (2) Romero, the captain of the vessel and Carey's employee; and (3) CNA, the insurer of Carey. The Sappingtons have alleged the negligence committed by Carey and by Romero was within the privity and/or knowledge of Carey.

At some point disputes as to the following arose: (1) the nature of the cable that was struck by John Sappington; and (2) whether the allegations related to Carey's failure to place land-based signs along the banks of the ICW are "land-based" theories of liability for which there might be coverage under other insurance policies purchased by Carey. Thereafter, the Sappingtons amended their complaint to include as defendants Ace and National. The parties attended a telephone status conference with this Court on January 24, 2007, at which time the insurers indicated they would file various motions for summary judgment related to coverage under the various policies. Subsequently,

---

[2] The interests of John, Jakob, and Michelle Sappington are in alignment in this matter.

Ace filed its Motion for Summary Judgment [Doc. 98], National filed its Motion for Summary Judgment [Doc. 100], and CNA filed its motion for Summary Judgment [Doc. 103]. All of the motions are opposed.

These matters are now before the Court.

## LAW

### A. Standard of Review

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Proc. 56(e).

"The moving party bears the burden of identifying an absence of evidence to support the nonmoving party's case." *Capitol Indem. Corp. v. U.S.*, 452 F.3d 428, 430 (5th Cir. 2006). "Summary judgment is properly granted if the record does not contain appropriate summary judgment evidence which would sustain a finding in the nonmovant's favor on any issue as to which the nonmovant would bear the burden of proof at trial." *Id.* at 430-31. As noted by the Fifth Circuit:

> This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

In evaluating the evidence provided in support of, and in opposition to, a Motion for Summary Judgment, "the court must view facts and inferences in the light most favorable to the party opposing the motion." *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party." *Id.* In evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

## DISCUSSION

A review of the parties' pleadings and submissions reveals the pivotal relevant facts in this matter remain in dispute. Among others, there remains a dispute as to a pivotal factual issue regarding the nature of the cable itself, namely whether it is an appurtenance of the vessel, and the nature of the cable and vessel as they might relate to the definition of "vessel," as that term is used

> This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

In evaluating the evidence provided in support of, and in opposition to, a Motion for Summary Judgment, "the court must view facts and inferences in the light most favorable to the party opposing the motion." *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party." *Id.* In evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

## DISCUSSION

A review of the parties' pleadings and submissions reveals the pivotal relevant facts in this matter remain in dispute. Among others, there remains a dispute as to a pivotal factual issue regarding the nature of the cable itself, namely whether it is an appurtenance of the vessel, and the nature of the cable and vessel as they might relate to the definition of "vessel," as that term is used

in the various insurance policies before this Court. Additionally, the parties disagree whether this matter is the result of an allision or a collision and thus, the legal ramification that would flow from such a distinction. Accordingly, this Court has been presented with insufficient undisputed facts on which it may rely to render an appropriate decision on the multiple motions for summary judgment. As pivotal relevant facts remain in dispute, this Court cannot make the threshold factual determinations necessary to grant the relief sought by the motions addressing insurance coverage. Thus, at this time, the Court finds the movants, Ace, National, and CNA, in their Motions for Summary Judgment [Docs. 98, 100, 103], have failed to carry their burden of proof at this time, and their motions shall be **DENIED**.

## CONCLUSION

In consideration of the foregoing Motions for Summary Judgment, filed by Ace American Insurance Co. [Doc. 98], National Union Fire Insurance Co. of Pittsburgh, Pennsylvania [Doc. 100], and Continental Insurance Company [Doc. 103], the Motions for Summary Judgment [**Docs. 98, 100, and 103**] are hereby **DENIED** because genuine issues of material fact remain and because movants have otherwise failed to carry their burden of proof in this matter.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___21___ day of August, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-5-